UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS EARL DUNN,

                        Plaintiff,                       Case No. 20-CV-11329

v.                                              Honorable Thomas L. Ludington
                                               Magistrate Judge Patricia T. Morris

ELIZABETH POST, *et al.*,

                        Defendants.

_____/

**OPINION AND ORDER DIRECTING ATTORNEY DAVID J. GILBERT TO PAY
DEFENDANTS' REASONABLE ATTORNEY FEES AS SANCTION FOR VIOLATING
RULE 11 AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court pursuant to Magistrate Judge Morris' recommendation that

Attorney David J. Gilbert be ordered to pay Defendant's reasonable attorney fees and costs as a

sanction for violating Federal Rule of Civil Procedure 11. ECF No. 42. Mr. Gilbert appeared in

this case as "co-counsel" for Plaintiff Thomas Earl Dunn, who prosecuted a frivolous action

against Defendants. Having conducted a hearing pursuant to Rule 11, wherein Mr. Gilbert testified

on his own behalf, this Court will, for the reasons explained below, direct Mr. Gilbert to pay

Defendants' reasonable attorney fees in the amount of $6,505.00 as a sanction for violating Rule

11. Furthermore, Plaintiff's Motion for Relief from the Judgment, filed March 26, 2021, will be

denied.

**I.**

**A.**

This case matter concerns a series of frivolous pleadings and papers presented by a self-

proclaimed "sovereign citizen" and his attorney David J. Gilbert. Magistrate Judge Morris

recounted the procedural history of the case in her Report and Recommendation:

Plaintiff filed his original *pro se* complaint on May 5, 2020. (ECF No. 1.) Plaintiff's application to proceed in forma pauperis (IFP) was granted on June 1, 2020. (ECF No. 5.) Summonses were issued, attorney appearances and Answers to the Complaint were filed on behalf of city and county defendants (ECF Nos. 9, 10, 12, 13, 14), and a motion to dismiss was filed by Defendant Benson in lieu of filing an answer. (ECF No. 15.) Plaintiff then sought a clerk's entry of default against Defendant City of Gladwin, Jones, Jungman, and Palmreuter. (ECF No. 18.) This request was denied because an Answer was filed by these Defendants. (ECF No. 19.) Defendants Gladwin County, Hawkins, Moore, Post and Shea ("Gladwin County Defendants") filed a motion to dismiss on September 14, 2020. (ECF No. 20.) Plaintiff responded (ECF No. 28) and Defendants replied. (ECF No. 29.) On September 18, 2020, attorney David Gilbert filed a notice of appearance on behalf of Plaintiff. (ECF No. 22.) An Amended Complaint was also filed on September 18, 2020. (ECF No. 24.) Defendants City of Gladwin, Jones, Jungman and Palmreuter filed an Answer to the Amended Complaint. (ECF No. 27.) On October 5, 2020, [t]he Gladwin County Defendants filed a motion to strike the Amended Complaint. (ECF No. 24.) On October 12, 2020, Plaintiff filed a motion for sanctions based on the motion to strike and the Gladwin County Defendants responded. (ECF Nos. 31, 33.) The Gladwin County Defendants then appear to have abandoned their motion to strike and filed a motion to dismiss the Amended Complaint on October 14, 2020. (ECF No. 34,) Plaintiff responded (ECF No. 38) and Defendants replied. (ECF No. 39.)

In the meantime, Plaintiff filed a request for clerk's entry of default against Defendant Benson for the "Sum Certain" of $32,100,000.01 (ECF No. 36) which was denied because it was not a sum certain and the filing of the amended complaint had not been approved. (ECF No. 36.) On November 10, 2020, another request for clerk's entry of default as to Benson was filed (ECF No. 37) and was denied because the amended complaint has not yet been approved to be filed. (ECF No. 40.) Plaintiff then filed the instant motion for default judgment against Defendant Benson. (ECF No. 41.)

ECF No. 42 at PageID. 863–65. Plaintiff's underlying contentions, as explained by Magistrate

Judge Morris, were patently frivolous:

Plaintiff's Amended Complaint, filed by attorney Gilbert, as "Co-counsel for Plaintiff" is a 66-page rambling and incoherent diatribe with 32 attached pages, all stemming from a traffic stop occurring on June 15, 2019, when Defendant Officer Palmreuter pulled Plaintiff over for failing to have a sticker on his license plate, and ticketing Plaintiff for that failure and the fact that his driver's license was expired, and that he had no proof of insurance coverage for his vehicle. (ECF No. 24, PageID.449.) Plaintiff was not arrested but was issued a citation for a civil infraction (no proof of insurance) and misdemeanor (driving without a valid driver's license), requiring him to appear in the 80th District Court within 14 days. (ECF No. 24, PageID.503.) Plaintiff was arraigned on the misdemeanor charge

before Defendant Magistrate Post on July 10, 2019. (ECF No. 24, PageID.449-450, 504.)

Plaintiff's Amended Complaint is brought under 42 U.S.C. §1983 and it sets forth "sovereign citizen" arguments, contending that he is not subject to Michigan's driver's license and proof of insurance requirements and that these requirements deprive him of his "constitutionally protected interest in free movement absent a predetermination hearing, under color of law, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." (ECF No. 24, PageID.438.) Plaintiff contends he has a "Substantive Right to move unfettered by Michigan State's Motor Vehicle Regulatory codes in his Private Non Passenger Automobile on the taxpayer funded thoroughfares within the Exterior Boundaries of Michigan and all points beyond." (ECF No. 24, PageID.445-46.) Plaintiff also complains that Magistrate Post lacked jurisdiction over him and falsely entered a not guilty plea on the record even though he did not make any plea and that all the Defendants conspired to deprive him of his right to free movement and attempted to extract property from him in the form of license and registration fees. (ECF No. 24, PageID.450, 460-479, 513- 519.) In addition to the §1983 claims, including conspiracy which is more properly plead under §1985, he also cites to violations of oath of offices, exaction (based on "their corrupted design to constructively Exact my God Given Unalienable Rights"), fraudulent misrepresentation, "allegations of law," and "questions regarding issues presented" such as whether the State has "constitutional standing to inversely condemn a Substantive Right to Property by a colorful usurpation of law to compel a discretionary benefit?" and a "summary" including observations that "a 'Person' is not a <u>Man or a Woman</u>, God made men and women, and to believe that any statute may judge a creation of God, (that being a man or woman) would be blaspheme." (ECF No. 24, PageID.481, 487) (emphasis in original.)

ECF No. 42 at PageID.865–66. Based on the foregoing, Magistrate Judge Morris recommended that Defendants' pending Motions to Dismiss be granted and that the Amended Complaint be dismissed under FRCP 8(a) for failing to set forth a "short and plain statement of the claim" and under FRCP 12(b)(6) for failing to state a claim upon which relief can be granted. *Id.* 869–70. She also recommended that Mr. Gilbert be required to pay Defendants' attorney fees and costs as a sanction for violating Rule 11, stating, "Even though Plaintiff may sincerely believe he is a sovereign citizen who is not subject to state laws . . . , counsel knows better and his filing of this entirely frivolous Amended Complaint is beyond reckless." *Id.*

- 3 -

**B.**

Plaintiff filed timely objections to the Report and Recommendation on December 2, 2020. ECF No. 43. Shortly thereafter, Defendant Jocelyn Benson and Defendants Gladwin County, Elizabeth Post, Michael Shea, Karen Moore, and Linda K. Hawkins (the "Gladwin County Defendants") filed separate briefs responding to Plaintiff's Objections. ECF Nos. 45, 47.

On December 28, 2020, this Court entered an order overruling Plaintiff's Objections,[1] adopting in part the Report and Recommendation,[2] dismissing the Amended Complaint, and denying all remaining motions as moot. ECF No. 50. With respect to the issue of Rule 11 sanctions, this Court agreed with the Magistrate Judge that Mr. Gilbert's conduct was sanctionable and that he "should have known that 'sovereign citizen' rhetoric is routinely rejected as 'completely without merit and patently frivolous.'" *Id.* at PageID.982 (quoting *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)).

Nonetheless, this Court also noted that "Rule 11 imposes certain restrictions on a district court's ability to order monetary sanctions *sua sponte*. Specifically, a 'court must not impose a monetary sanction . . . on its own, unless it issued [a] show-cause order' requiring the attorney to 'show cause why the conduct specifically described in the order has not violated Rule 11(b).'" *Id.* at PageID.982. Accordingly, Defendants were directed to file supplemental briefing regarding their attorney fees and costs, Mr. Gilbert was directed to show cause in writing why he should not be sanctioned, and a sanctions hearing was scheduled. *Id.* at PageID.984.

---

[1] It bears noting that Plaintiff's Objections totaled 38 pages of largely the same frivolous "sovereign citizen" rhetoric found in the Amended Complaint. *See* ECF No. 50 at PageID.978–81 (discussing and overruling Plaintiff's Objections).

[2] The Report and Recommendation was adopted "in part" only because "Defendants' Motions to Dismiss should [have] be[en] denied as moot rather than granted." ECF No. 50 at PageID.981. As explained previously, "Magistrate Judge Morris decided to dismiss the Amended Complaint *sua sponte* because it was 'frivolous on its face.' She expressly declined to reach the merits of the motions to dismiss." *Id.* (internal citations omitted).

- 4 -

Defendants filed three supplemental briefs, one for each set of counsel. *See* ECF No. 51 (brief for Defendant Jocelyn Benson); ECF No. 52 (brief for the Gladwin County Defendants); ECF No. 53 (brief for the Gladwin City Defendants). Mr. Gilbert, however, never responded to the show cause order. Instead, Plaintiff, using Mr. Gilbert's ECF account, filed a 22-page brief entitled "Show Cause Order Reply," reciting the same frivolous rhetoric seen throughout this case. *See* ECF No. 54.

Several weeks later, on March 26, 2021, Plaintiff filed a motion for relief from judgment. ECF No. 57. Plaintiff's Motion for Relief from Judgment is addressed separately in Section III., *infra*.

## C.

The sanctions hearing was conducted by Zoom videoconference on April 6, 2021, as scheduled. Mr. Gilbert and counsel for Defendants appeared.

The hearing began with Mr. Gilbert expressing his incredulity at the proceedings, asking "what the basis [was]" for requiring him to appear and show cause. This Court informed Mr. Gilbert that he had been ordered to show cause in the Order Adopting the Magistrate Judge's Report and Recommendation. Mr. Gilbert was familiar with the Order, as he then stated that he had "saved everybody a lot of money by letting [Plaintiff] fil[e] electronically" and that "nothing [he himself] had filed [was] sanctionable." According to Mr. Gilbert, his only intention was to "give a citizen access to the electronic filing system,"[3] and therefore, the only filing that he could be held responsible for was his initial appearance in the matter.

---

[3] While Mr. Gilbert's testimony implied otherwise, the Eastern District of Michigan allows pro se filers to use ECF after obtaining permission. *See Quick Guide to E-Filing*, E.D. Mich., http://www.mied.uscourts.gov/pdffiles/Updated_Guide_to_EFiling.pdf [https://perma.cc/8U54-G9CA] (last visited Apr. 9, 2021) ("Only attorneys admitted to the bar, federal government attorneys, *or non-incarcerated pro se parties who apply to file in a case can e-file documents*. You apply for admission and/or permission to e-file through the PACER website.") (emphasis added).

- 5 -

This Court thus reminded Mr. Gilbert that the primary purpose of the hearing was to determine an appropriate sanction consistent with Sixth Circuit precedent, which required an inquiry into the nature of the violation and the financial status of the sanctioned attorney. Accordingly, Mr. Gilbert was asked to address the relevant Sixth Circuit criteria. In response, Mr. Gilbert testified that he "do[es] a lot of public defender work" and that "with the COVID issues going on, [his] cash flow [was] pretty much zero." He specified that he accepts appointments to defend criminally charged defendants from various local counties, including Gladwin County, where he currently has "17 high-level felony" cases pending. Mr. Gilbert explained that he is compensated at rate of $100 per hour but that he does not get paid until the end of the case. He also testified that he is a military veteran, "50 percent disabled," and therefore unable to work a full 40-hour workweek. He stated that he "came out of semi-retirement to assist Gladwin County with . . . their high-level felonies" and that he will likely retire again once those cases are resolved.

Regarding the nature of the violation, Mr. Gilbert testified that Plaintiff approached him sometime after filing the Complaint and indicated that he wanted to use electronic filing. Mr. Gilbert "briefly reviewed [the] case with Plaintiff," and in doing so, informed Plaintiff that "[the case] could be a reach," that "[Plaintiff] [would] be on his own," and that "the only thing [Plaintiff] [was] to use [Mr. Gilbert's] name for was the filing of his documentation." While maintaining that his conduct was permissible, Mr. Gilbert claimed that if his conduct in this case "was an issue," he would "avoid doing [it] in the future."

When asked whether he had read the Amended Complaint before it was filed, Mr. Gilbert explained that he had read the Amended Complaint for the first time sometime after it was filed. He did not comment on the merits of the Amended Complaint. He only opined that, in his view, the Amended Complaint was timely filed under Rule 15.

- 6 -

## II.

Under Federal Rule of Civil Procedure 11, an attorney must perform an "inquiry reasonable under the circumstances" before filing any paper with the court. Fed R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). According to Sixth Circuit precedent, sanctions may be imposed if "a reasonable inquiry [would have] disclose[d] [that] the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988)).

In applying Rule 11, this Court must determine: (1) whether Mr. Gilbert's conduct was sanctionable and (2) if so, an appropriate sanction for the violation in question.

## A.

As explained in this Court's prior order, Mr. Gilbert should have known that "sovereign citizen" rhetoric is routinely rejected as "completely without merit and patently frivolous." *See Mundt*, 29 F.3d at 237 (rejecting taxpayer's argument that district court lacked jurisdiction because he was "solely a resident of the state of Michigan"); *see also Baird v. Ammiyhuwd*, No. 1:16CV01152, 2018 WL 3524465, at *2 (S.D. Ohio July 23, 2018) ("The notion that a person is a 'sovereign citizen' and not subject to the laws of the United States has uniformly been rejected by the courts as lacking any foundation in law.") (internal citation marks omitted). While it is unclear

exactly when Mr. Gilbert reviewed the Amended Complaint, he admitted during the sanctions hearing that he discussed the case with Plaintiff and concluded that it was a "reach."

Mr. Gilbert's suggestion that he can only be held responsible for his initial appearance is uncompelling. An attorney's duties under Rule 11 apply whenever he "present[s] to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it." Fed R. Civ. P. 11(b). According to Rule 5, "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature." Fed. R. Civ. P. 5(d)(3)(C). The Amended Complaint—among other papers—was filed using Mr. Gilbert's ECF account, with his authorization, and with his name, P-number, mailing address, and email address displayed below Plaintiff's typed signature. *See, e.g.*, ECF No. 24 at PageID.500. Despite all this, Mr. Gilbert asks this Court to treat the Amended Complaint and other baseless filings as the exclusive responsibility of Plaintiff. He appears to have forgotten "[t]he central purpose of Rule 11[,] [which] is to deter baseless filings." *McGhee v. Sanilac Cty.*, 934 F.2d 89, 92 (6th Cir. 1991) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Mr. Gilbert violated Rule 11 and therefore may be sanctioned.

**B.**

The next issue is the appropriate sanction for Mr. Gilbert's conduct. "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The principal goal of Rule 11 sanctions is deterrence, with compensation to the party forced to litigate an improperly filed claim being a secondary aim." *Kassab v. Aetna Indus., Inc.*, 265 F. Supp. 2d 819, 823 (E.D. Mich. 2003) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992)). The Sixth Circuit has identified several factors that must be considered when fashioning a Rule 11 sanction:

> The first and most important factor is deterrence. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced, however. Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. . . . Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney . . . but to deter him from repeating the conduct prohibited by Rule 11.

*Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992) (internal citations omitted); *see also Longo v. Michel*, 12 F.3d 213 (6th Cir. 1993) (listing substantially similar factors).

### 1.

With respect to deterrence, Mr. Gilbert—at best—demonstrated reckless indifference toward this Court's finite resources and toward his obligations under Rule 11. While he frames his behavior as simply "giv[ing] a citizen access to [ECF]," the reality is that Mr. Gilbert facilitated a patently frivolous action that forced local governments or their insurers to spend thousands of dollars in legal fees at a time when budgets are already strained by the COVID-19 pandemic.

Furthermore, Mr. Gilbert's assertion that he will not engage in this sort of behavior again is non-dispositive. The plain text of Rule 11 requires a sanction that is sufficient to "deter repetition of the conduct *or comparable conduct by others similarly situated*." Fed. R. Civ. P. 11(c)(4) (emphasis added). Given the nature of the violation here, a monetary sanction is necessary to deter not just Mr. Gilbert but similarly situated counsel that might be tempted to facilitate a "sovereign citizen" lawsuit.

### 2.

Regarding the second factor, according to their supplemental briefing, Defendants incurred significant attorney fees after Mr. Gilbert's appearance. Those fees are recounted in the table below:

| Parties | Hours and Rate | Total Fee |
|---|---|---|
| Defendant Jocelyn Benson | Four hours by Mr. Cannon at a rate of $100 per hour. | $400 |
| Gladwin County Defendants[4] | 11.7 hours by Mr. Vander Laan at a rate of $325 per hour; 18.0 hours by Ms. Richards at a rate of $290 per hour; 7.3 hours by Ms. Rewa at a rate of $300 per hour. | $11,212.50 |
| Gladwin City Defendants[5] | 16.5 hours by Ms. Buford-Kamerman at a rate of $185 per hour. | $3,052.50 |

*See* ECF Nos. 51, 52, 53. Subject to the discussion below, Defendants' substantial legal fees deserve at least some compensation.

### 3.

The attorney fees proffered by the Gladwin County Defendants are objectionable for two reasons. First, it seems that counsel may have miscalculated the number of the attorney hours billed after Mr. Gilbert's appearance. As illustrated in the table above, the supplemental briefing states that counsel billed 37 hours.[6] ECF No. 52 at PageID.1000. The invoices included with the briefing, however, reflect only 30.3 hours being rendered between when the Amended Complaint was filed and when the Order Adopting the Report and Recommendation was entered. *See* ECF No. 52-4. Counsel's apparent miscalculation might be attributable to the inclusion of time spent preparing the supplemental brief, which is not reflected in the invoices. Nonetheless, this apparent discrepancy is notable.

---

[4] The Gladwin County Defendants include Gladwin County, Elizabeth M. Post, Dr. Karen L. Moore, Michael Shea, and Linda K. Hawkins.

[5] The Gladwin City Defendants include Gladwin City, Zach Palmreuter, Charles P. Jones, and Darlene Jungman.

[6] The brief mistakenly states "38 hours" when the numbers in the table provided therein add up to 37 hours. *See* ECF No. 52 at PageID.1000.

Second, assuming that the 37-hour figure is accurate, counsel for the Gladwin County Defendants would seem to have expended more time defending this case than was reasonable under the circumstances—at least at this stage of the development of the case. "The [party seeking sanctions] must mitigate its expenses by not expending useless effort on frivolous actions. That party must act promptly and avoid any unnecessary expenses in responding to papers that violate the rule." *Danvers*, 959 F.2d at 605 (alterations and internal quotation marks omitted). While the Gladwin County Defendants' Motion to Dismiss correctly noted that the Amended Complaint was based on "outlandish legal theories that have been consistently rejected," ECF No. 20 at PageID.388 n.1, counsel continued to invest attorney time that would only seem reasonable in the context of meritorious litigation. For example, counsel spent roughly nine hours reviewing and preparing their response to Plaintiff's Objections to the Report and Recommendation, but Plaintiff's Objections were as frivolous as the Amended Complaint and often redundant thereof. *See* ECF No. 50 at PageID.978–81 (discussing and overruling Plaintiff's Objections).

Counsel for the Gladwin County Defendants consisted of one senior partner and two experienced associates from Cummings, McClorey, Davis & Acho, P.L.C., a well-recognized Grand Rapids-area law firm. It is unclear why such capable counsel, with an impressive 51 years of combined legal experience, would bill 37 hours to address a patently frivolous action. This is particularly true when Ms. Buford-Kamerman, the fourth-year associate from Plunkett Cooney, P.C., billed only 16.5 hours while representing the similarly situated Gladwin City Defendants. *See* ECF No. 53 at PageID.1081. Indeed, in reviewing the supplemental briefs, declarations, and invoices, this Court is satisfied that Ms. Buford-Kamerman's billing represents a reasonable attorney fee given the nature and number of Plaintiff's filings.

Accordingly, the third factor weighs strongly in favor of an attorney fee sanction substantially lower than the amount requested by the Gladwin County Defendants.

## 4.

Mr. Gilbert's financial status also weighs in favor of a reduced monetary sanction. During the sanctions hearing, Mr. Gilbert testified that he primarily represents indigent criminal defendants, is partially disabled, and is unable to work a normal 40-hour workweek. Mr. Gilbert also testified that he came out of retirement to assist Gladwin County with its felony caseload, and that because of trial delays caused by COVID-19, his "cash flow [was] pretty much zero."

While his testimony certainly emphasizes the need for caution in fashioning a sanction, Mr. Gilbert has not demonstrated that he is incapable of paying at least part of Defendants' attorney fees. As acknowledged during the sanctions hearing, Mr. Gilbert presently serves as defense counsel in 17 high-level felony cases. He will eventually be compensated for his services in these cases at a rate of $100 per hour. Mr. Gilbert's compensation in these cases, as well as any undisclosed personal or real property, should allow him to pay at least part of Defendant's attorney fees.

## C.

Based on the foregoing, this Court finds that the minimum sanction necessary to deter Mr. Gilbert and others similarly situated from engaging in the reckless conduct seen here is $6,505.00. Such amount shall be made payable as follows: $400 to Defendant Jocelyn Benson; $3,052.50 to the Gladwin County Defendants; and $3,052.50 to the Gladwin City Defendants.

This Court is aware that this sanction does not fully compensate counsel for the Gladwin County Defendants. However, "Rule 11 is not a fee-shifting statute." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises,*

*Inc.*, 498 U.S. 533, 553 (1991) ("[T]he Rule calls only for 'an appropriate sanction'—attorney's fees are not mandated.); *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 402 (6th Cir. 2009) ("[C]ompensation and fee-shifting are not the goals of Rule 11."); *Kassab v. Aetna Indus., Inc.*, 265 F. Supp. 2d 819, 824 (E.D. Mich. 2003) ("Aetna is not automatically entitled to a blanket award of all fees requested, but rather only to those that are reasonable and necessary to deter similar offensive conduct in the future, even if that amount does not fully reflect the fees Aetna incurred to defend this meritless action."). Without minimizing the efforts or expertise of counsel, this Court is satisfied that a sanction of $6,505.00 is consistent with the factors outlined in *Danvers* and with the obligation to impose the least severe sanction necessary.

## III.

On March 26, 2021, Plaintiff filed a motion entitled "Plaintiff's Motion Moves [sic] for Relief From a Judgment in Compliance to FRCP 60(b)." ECF No. 57. The Motion appears to challenge this Court's Order Adopting the Report and Recommendation.[7] The Gladwin County Defendants filed a response brief on April 1, 2021. ECF No. 59. Plaintiff's Motion is best construed as a motion for relief from a judgment under Rule 60(b).

Rule 60(b) prescribes the procedure and grounds by which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). However, a final judgment has not yet been entered in this case. Furthermore, "[a] motion to reopen a case for reconsideration of an issue is not proper under Rule 60(b)." *Simpson v. Large*, No. 3:17-CV-1200, 2018 WL 4776104, at *2 (M.D. Tenn. Oct. 3, 2018) (citing *Williams v. Sahli*, 292 F.2d

---

[7] In specific, Plaintiff accuses this Court of "contemptuously mock[ing] the Supreme Law of the Land" by accurately describing his papers as "frivolous." *See* ECF No. 57 at PageID.1134. Notably, the Motion includes a "Certificate of Good Faith Affidavit," signed by Mr. Gilbert, which states that the Motion was made "in good faith." ECF No. 57-2 at PageID.1153.

249, 251 (6th Cir. 1961)); *see also GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)

("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.").

 To the extent that Plaintiff intended to file a motion for reconsideration, his Motion is

untimely. Local Rule 7.1 states that a motion for reconsideration must be filed within 14 days of

the order at issue. E.D. Mich. L.R. 7.1(h)(1). The Order Adopting the Report and Recommendation

was entered on December 28, 2021. Accordingly, Plaintiff's Motion will be denied.

## IV.

 Accordingly, it is **ORDERED** that Attorney David J. Gilbert (P56956) is **DIRECTED** to

pay the sum of $6,505.00 as a sanction for violating Federal Rule of Civil Procedure 11. This

amount shall be made payable to counsel for Defendants as follows: $400 to Defendant Jocelyn

Benson; $3,052.50 to the Gladwin County Defendants; and $3,052.50 to the Gladwin City

Defendants.

 It is further **ORDERED** that Defendant's Motion for Relief from the Judgment, ECF No.

57, is **DENIED**.

Dated: April 16, 2021      s/Thomas L. Ludington
              THOMAS L. LUDINGTON
              United States District Judge